UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
PAUL K. NAIR, individually and on behalf
of all others similarly situated,                                    1:17-cv-5496

                  Plaintiff,

                                                 CLASS ACTION
       -against-                                  COMPLAINT

TRANS UNION LLC,                              (Trial by Jury Demanded)

                  Defendant.
----------------------------------------------------------------x

      The Plaintiff, PAUL K. NAIR ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned counsel, Mallon Consumer Law Group, PLLC, brings this action against Defendant TRANS UNION, LLC ("Trans Union"), and alleges the following, upon information and belief, except as to those allegations which directly relate to the Plaintiff himself, which are alleged upon personal knowledge:

## PRELIMINARY STATEMENT

1.   Plaintiff brings this class action on behalf of himself and all others similarly situated for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the New York Fair Credit Reporting Act ("NY FCRA"), N.Y. GBL § 380 *et seq.* Defendant Trans Union—a national consumer reporting agency—violated both the FCRA and the NY FCRA by preparing and furnishing consumer reports that listed tax liens that that have been paid, satisfied or released, but are not being reporting by Defendant as having been paid, satisfied or released.

2.   In further violation of both the FCRA and the NY FCRA, Defendant Trans Union systematically misrepresents to consumers the source of the public record items—including civil

judgments, tax liens, and bankruptcies—which it places on their consumer reports. Defendant Trans Union systematically lists courthouses and other governmental bodies as the sources furnishing the public record information which Defendant includes on consumer reports; Defendant Trans Union and/or Defendant's private vendors are the true sources of the public record information. By so doing, Defendant Trans Union deprives consumers of valuable congressionally-mandated information and makes it more difficult for consumers—such as the Plaintiff and members of the proposed class—to correct errors relating to the public record items listed on their Trans Union consumer reports.

3. Plaintiff further alleges that he suffered damages as a direct and proximate result of Defendants' unlawful actions, conduct, and omissions, the inaccurate and misrepresented information wrongfully listed on his consumer reports.

4. Plaintiff brings this action for actual, statutory, and punitive damages, and for statutory attorney's fees and litigation costs, pursuant to the FCRA, 15 U.S.C. §§ 1681n and 1681o, and the NY FCRA, N.Y. GBL §§ 380-l and 380-m. Additionally, Plaintiff seeks equitable relief requiring Trans Union to implement and maintain procedures to ensure future compliance with the NY FCRA.

**JURISDICTION AND VENUE**

5. The jurisdiction of this Court is conferred by 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

6. This Court has diversity jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332, as well as supplemental jurisdiction of those state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

7. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

8. Plaintiff Paul K. Nair, an adult natural person, is a resident of the State of New York, and qualifies as an individual "consumer" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(c); N.Y. GBL § 380-a(b).

9. Defendant Trans Union is a Delaware corporation, duly authorized and qualified to do business in the State of New York, and qualifies as a "consumer reporting agency" within the meaning of both the FCRA and NY FCRA. See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

## FACTUAL BACKGROUND

10. Defendant Trans Union is one of the three major national credit reporting agencies ("CRAs").

11. Defendant Trans Union sells consumer reports (commonly referred to as "credit reports") regarding millions of consumers annually.

12. Defendant Trans Union is regulated by both the FCRA and its state counterpart, the NY FCRA.

13. Upon information and belief, for several years Defendant has obtained its information about bankruptcies, civil judgments and tax liens (*i.e.*, "public records" information) from LexisNexis Risk & Information Analytics Group, Inc. ("LexisNexis"), First Advantage Corporation, a Symphony Technology Group company ("First Advantage"), and/or other private businesses that it calls "vendors," which furnish such information to national CRAs.

14. Trans Union has not retrieved actual public records from courthouses or actual government offices for several years.

15. Nevertheless, on its credit reports that it provides to consumers, Trans Union falsely still lists the names and addresses of courthouses or other government offices as the true "source" of its public records information.

16. The public records information that Defendant receives from its vendors are not the actual court or taxing authority records. Rather, it receives a distilled version of those records, which does not include all of the information available at the actual courthouses or government offices where the true records are housed.

17. Defendant knows that both it and its public records vendors such as LexisNexis and First Advantage make mistakes in the distilled public records information that is acquired for purposes of credit reporting.

18. Further, the FCRA unambiguously requires CRAs such as Defendant to "clearly and accurately disclose to the consumer" who requests his or her credit file "the sources" that supplied any "information" to the CRA about that consumer. 15 U.S.C. § 1681g(a)(2).

19. The NYFCRA also unambiguously requires CRAs such as Defendant to "clearly and accurately disclose to the consumer" who requests his or her credit file "the sources of the information [in its files]" at the time of the request. N.Y. GEN. BUS. LAW § 380-d(a)(2).

20. With respect to Mr. Nair, on April 7, 2014, the Dutchess County Clerk's Office filed a federal tax lien—Serial No. 991925314—in the amount of $10,310.45 (hereinafter the "subject federal tax lien").

21. On or around July 26, 2016, after viewing his Trans Union consumer report, Plaintiff realized that the report contained inaccurate information, including *but not limited to*, reporting that he had an outstanding federal tax lien in the amount of $10,310.00, negatively and wrongfully impacting Plaintiff's credit scores.

22. The tax lien information Trans Union included on Mr. Nair's report was woefully deficient. Plaintiff paid the full amount owed on the subject federal tax lien, and the Dutchess County Clerk's Office filed a Certificate of Release of Federal Tax Lien indicating the same on May 13, 2015.

23. In order to comply with their obligations under the FCRA and the NY FCRA, Defendant should have listed the subject federal tax lien as "satisfied," "paid" or "released," or some other similar indication that the subject lien had been paid in full.

24. Despite the release of lien information being recorded in the public record, and pursuant to its usual and systematic practice, Defendant did not update its records to show that the lien had been paid and released.

25. Defendant has published credit reports regarding the Plaintiff on multiple occasions within the last two years which erroneously listed the subject federal tax lien as unpaid in the amount of $10,310.00, causing Plaintiff to suffer economic harm and damaging his reputation.

26. The FCRA provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

27. Further, the NY FCRA requires that:

> A consumer reporting agency which compiles and reports items of information on consumers which are matters of public record shall:

    (a) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or
    (b) maintain reasonable procedures designed to insure that whenever public record information is reported it is complete and up to date to the extent practicable. It shall be deemed a reasonable procedure for a consumer reporting agency to accurately report the status of public record information as of the date recorded in its files ***provided such information is updated on a regular basis***.

N.Y. GEN. BUS. LAW § 380-g (emphasis added).

28. At all times pertinent hereto, Defendant's conduct was a result of its deliberate policies and practices, was willful, was intentionally accomplished through intended procedures, and was carried out in reckless disregard for a consumer's rights as set forth in sections 1681c(a)(3) and 1681e(b) of the FCRA, and the NYFCRA. Upon information and belief, Trans Union's collecting and reporting the initial entry of tax liens is believed by it to be of greater economic value than collecting and reporting information indicating that a tax lien has been paid, satisfied or released, or that a tax lien was paid more than seven (7) years earlier and cannot be included in a consumer report.

29. The reporting of Trans Union's tax lien by Trans Union was inaccurate, and occurred because Trans Union failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of his consumer report. Specifically, Trans Union does not follow the same automated and systematically rigorous processes to obtain all satisfactions and releases of tax liens that it follows to obtain the original tax lien information.

30. Indeed, Trans Union follows no procedure which assures that, when a tax lien or civil judgment is paid, satisfied or released, the updated status is promptly obtained and reflected upon the consumer's credit report.

31. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

## CLASS ACTION ALLEGATIONS

32. Plaintiff realleges and incorporates by reference all preceding paragraphs as alleged above.

33. This action is brought, and may properly be maintained as, a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the following classes:

   a. All natural persons who: (i) had a tax lien recorded in the State of New York; (ii) the tax lien appeared on a Trans Union consumer report dated within two years prior to the filing of the present Complaint; (iii) the State of New York public record indicated that the tax lien had been paid, satisfied or released on a date prior to the date of the Trans Union consumer repot; and (iv) the Trans Union consumer report failed to state that the tax lien had been released, paid or satisfied. (hereinafter the "Two-year Failure to Update Class");

   b. All natural persons who: (i) had a tax lien recorded in the State of New York; (ii) the tax lien appeared on a Trans Union consumer report dated within five years prior to the filing of the present Complaint; (iii) the State of New York public record indicated that the tax lien had been paid, satisfied or released on a date prior to the date of the Trans Union consumer report; and (iv) the Trans Union consumer report failed to state that the tax lien had been released, paid or satisfied. (hereinafter the "Five-year Failure to Update Class");

   c. All natural persons residing within the State of New York to whom, beginning two years prior to the filing of this Complaint and continuing through the resolution of this action,

7

      Trans Union provided a credit file disclosure which included any civil judgment, tax lien or bankruptcy (hereafter the "Two-year Source Disclosure Class").

    d.  All natural persons residing within the State of New York to whom, beginning five years prior to the filing of this Complaint and continuing through the resolution of this action, Trans Union provided a credit file disclosure which included any civil judgment, tax lien or bankruptcy (hereafter the "Five-year Source Disclosure Class").

34. The proposed Class definitions are provisional, and Plaintiff reserves the right to amend the definition of the Classes based on discovery or legal developments.

35. Plaintiff is a member of each proposed class that he seeks to represent.

36. The requirements of Fed. R. Civ. P. 23(a) are met in that:

37. **Rule 23(a)(1) Numerosity**. The Class for whose benefit this action is brought is so numerous that joinder of all Class members is impracticable. Plaintiff believes that the Class, as described above, consists of hundreds and perhaps thousands of individuals, although the exact number and identity of individual Class members are presently unknown, and can only be ascertained through appropriate discovery. Although the precise number of Class members is known only to Trans Union, there are tens of thousands of recorded tax liens in the State of New York, and the names and addresses of the Class members are identifiable through documents maintained by Trans Union and through publicly available records. Notice can be provided by means permissible under Rule 23.

38. **Rule 23(a)(2) Commonality**. Common questions of law and fact exist as to all members of the Class, and predominate over the questions affecting only individual members. All of the legal

and factual issues in this class action are common to each proposed class member, including:

    i. Whether Defendant willfully violated the FCRA and the NY FCRA by reporting tax liens on Class members' Trans Union consumer reports which, according to New York public records, were paid, satisfied or released prior to the date of the Trans Union report, but which the Trans Union report failed to state that the tax lien had been released, paid or satisfied.;

    ii. Whether Defendant willfully violated the FCRA and the NY FCRA by failing to follow reasonable procedures to assure the maximum possible accuracy of the tax lien information it reported;

    iii. Whether Defendant violated the FCRA and the NY FCRA by misrepresenting the true source of its public record information on its consumer file disclosures;

37. **Rule 23(a)(3) Typicality**.  Plaintiff's claims are typical of the claims of the Class Members. Plaintiff and Class Members were injured through Defendant's uniformed misconduct described above and assert the same claims for relief.  The same events and conduct that give rise to Plaintiff's claims are identical to those that give rise to the claims of every other Class Member because Plaintiff and each Class Member is a person that has suffered harm as a direct result of the same conduct (and omissions) engaged in by Defendant and resulting in the data breach.  As such, Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

38. **Rule 23(a)(4) Adequacy of Representation**.  Plaintiff can and will fairly and adequately represent and protect the interests of the Class Members.  Plaintiff has no interests antagonistic to

the interests of the other members of the Class.  Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel with experience in handling FCRA claims and consumer class actions in general.  Neither the Plaintiff nor his counsel have any interests which might deter them from vigorously prosecuting this case.  Accordingly, Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

39.     **Rule 23(b)(3) Predominance and Superiority**.  Questions of law and fact common to the Class members predominate over questions affecting only individual Class members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Trans Union's conduct described in this Complaint stems from common and uniform practices, resulting in common violations of the FCRA.  Members of the Classes do not have an interest in pursuing separate actions against Trans Union, as the amount of each Class member's individual claim is small compared to the expense and burden of individual prosecution.  Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Trans Union's practices.  Moreover, management of this action as a class action will not likely present any difficulties.  In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class members' claims in a single forum.

40.     This action should be maintained as a class action because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Classes, as well as a risk of adjudications with respect to

individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

## FIRST CAUSE OF ACTION
### (Two-year Failure to Update Class Claim)

41. Plaintiff realleges and incorporates by reference all preceding paragraphs as alleged above.

42. Trans Union failed to comply with 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the tax lien information in the consumer reports it prepared regarding Plaintiff and the other Two-year Failure to Update Class members.

43. Pursuant to 15 U.S.C. §§ 1681n &o, Trans Union is liable to Plaintiff and all Class members for its failure to comply with FCRA Section 1681e(b), in an amount equal to the sum of (1) damages of not less than $100 and not more than $1,000 per violation; (2) actual damages; (3) punitive damages in an amount to be determined by the jury; (4) attorney's fees; and (5) litigation costs, as well as such further relief as may be permitted by law.

44. Trans Union also failed to comply with N.Y. GEN. BUS. LAW § 380-g by failing to maintain reasonable procedures designed to ensure that whenever public record information is reported it is complete and up to date to the extent practicable.

45. Pursuant to N.Y. GEN. BUS. LAW § 380-l, Trans Union is liable to Plaintiff and all Class members for its failure to comply with NYFCRA section 380-g, in an amount equal to the sum of (1) actual damages; (2) punitive damages in an amount to be determined by the jury; (3) attorney's fees; and (4) litigation costs, as well as such further relief as may be permitted by law.

46. Trans Union also failed to follow reasonable procedures to assure the accuracy of Plaintiff's social security number, accounts and overall consumer report, and is thus liable to Plaintiff personally in an amount equal to the sum of (1) damages of not less than $100 and not more than $1,000 per violation; (2) actual damages; (3) punitive damages in an amount to be determined by the jury; (4) attorney's fees; and (5) litigation costs, as well as such further relief as may be permitted by law.

<b><u>SECOND CAUSE OF ACTION</u></b><br><b>(Five-year Failure to Update Claim)</b>

47. Plaintiff realleges and incorporates by reference all preceding paragraphs as alleged above.

48. Trans Union failed to comply with 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the tax lien information in the consumer reports it prepared regarding Plaintiff and the other Five-year Failure to Update Class members.

49. Pursuant to 15 U.S.C. §§ 1681n & o, Trans Union is liable to Plaintiff and all Class members for its failure to comply with FCRA Section 1681e(b), in an amount equal to the sum of (1) damages of not less than $100 and not more than $1,000 per violation; (2) actual damages; (3) punitive damages in an amount to be determined by the jury; (4) attorney's fees; and (5) litigation costs, as well as such further relief as may be permitted by law.

///

///

///

///

## THIRD CAUSE OF ACTION
### (Two-year Source Disclosure Class)

50.     Plaintiff realleges and incorporates by reference all preceding paragraphs as alleged above.

51.     Defendant failed to comply with 15 U.S.C. § 1681g(a)(2) by failing to accurately and completely disclose the true source of its public records information about consumers in their consumer file disclosures.

52.     Pursuant to 15 U.S.C. §§ 1681n & o, Trans Union is liable to Plaintiff and all Class members for its failure to comply with FCRA Section 1681g(a)(2), in an amount equal to the sum of (1) damages of not less than $100 and not more than $1,000 per violation; (2) actual damages; (3) punitive damages in an amount to be determined by the jury; (4) attorney's fees; and (5) litigation costs, as well as such further relief as may be permitted by law.

53.     Trans Union also failed to comply with N.Y. GEN. BUS. LAW § 380-d(a)(2) by failing to accurately and completely disclose the true source of its public records information about consumers in their consumer file disclosures.

54.     Pursuant to N.Y. GEN. BUS. LAW § 380-l, Trans Union is liable to Plaintiff and all Class members for its failure to comply with NYFCRA section 380-d(a)(2), in an amount equal to the sum of (1) actual damages; (2) punitive damages in an amount to be determined by the jury; (3) attorney's fees; and (4) litigation costs, as well as such further relief as may be permitted by law.

///

///

///

///

## FOURTH CAUSE OF ACTION
### (Five-year Source Disclosure Class)

55. Plaintiff realleges and incorporates by reference all preceding paragraphs as alleged above.

56. Defendant failed to comply with 15 U.S.C. § 1681g(a)(2) by failing to accurately and completely disclose the true source of its public records information about consumers in their consumer file disclosures.

57. Pursuant to 15 U.S.C. §§ 1681n & o, Trans Union is liable to Plaintiff and all Class members for its failure to comply with FCRA Section 1681g(a)(2), in an amount equal to the sum of (1) damages of not less than $100 and not more than $1,000 per violation; (2) actual damages; (3) punitive damages in an amount to be determined by the jury; (4) attorney's fees; and (5) litigation costs, as well as such further relief as may be permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Classes pray for relief as follows:

A. An order certifying the case as a class action on behalf of the proposed Classes under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

B. A permanent injunction requiring Defendant to: (1) cease reporting public record information about New York consumers; (2) cease reporting public record information about New York tax liens and civil judgments; (3) disclose the true source from which it obtains public records information included on its reports; (4) regularly update the public record information it obtains and reports about New York consumers on at least a monthly basis;

C.	An award of statutory, actual and punitive damages for Plaintiff and the Classes;

D.	An award of pre-judgment and post-judgment interest as provided by law;

E.	An award of attorneys' fees and costs; and,

F.	Such other relief as the Court deems just and proper.

## JURY DEMAND

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: July 19, 2017
New York, NY

Respectfully submitted,

_/s/ Kevin C. Mallon_
Kevin C. Mallon
Mallon Consumer Law Group, PLLC
One Liberty Plaza, Suite 2301
New York, NY  10006
(646) 759-3663
consumer.esq@outlook.com
*Attorneys for the Plaintiff*